UNITED STATES DISTRICT COURT

GREENBELT, MARYLAND

Case # _____

USDC- GREENBELT
'24 MAY 17 PM 3:01

**JEFFREY SCOTT SCHREMBS, Petitioner PRO SE**

v.

**NAVY FEDERAL CREDIT UNION, Defendant**

May 13, 2024

### PETITIONERs MOTION TO HOLD DEFENDANT WILLFULLY LIABLE FOR VIOLATIONS OF THE AUTOMATIC STAY AND US BANKRUPTCY COURT DISCHARGE IN CASE # 23-11438 (successfully discharged and closed on or about June 7, 2023)

COMES now JEFFREY SCOTT SCHREMBS, Petitioner PRO SE and respectfully requests that this honorable court find that Navy Federal Credit Union, Defendant, has willfully and intentionally violated United States Federal Law pertaining to US Bankruptcy Federal Law Sections; 362(k)(1), 362 (k), and affirmed in Taggart v. Lorenze, 139 S. Ct. 1795 (June 3, 2019).

Plaintiff prays that this honorable court awards Petition damages; in the amount of $ 10,000.00 (ten thousand and five hundred dollars), and $ 5,000.00 (five thousand dollars) in punitive damages, plus costs.

Specifically Navy Federal Credit Union has; attempted to collect on debts that were under the US Bankruptcy Court case # 23-11438 Greenbelt Maryland well past the time they were

1

notified, attempted to collect on debts that were discharged through the Chapter 7 Bankruptcy, and has continued to report to all three major credit bureaus that the car loan, included in the Chapter 7 and reaffirmed, was paid late when in fact (a) it was a part of the automatic stay and (b) that Navy Federal Credit Union knew that incorrectly reporting this account as late, to the three major credit bureaus, was untrue and would cause adverse harm to Petitioner.

Each of these acts has harmed Petitioner as Petitioner has been turned down for several financial offers solely because of Navy Federal Credit Union failure to accurately report my (affirmed in the US Bankruptcy Case) automobile loan with Navy Federal Credit Union whose next payment is due on May 22, 2024.

In support of this motion the Petitioner, in good faith over the past year, has notified NFCU via certified mail return receipt requested on three occasions. Additionally, Petitioner has emailed Navy Federal Credit Union and sent letters via US Postal Service Postage Pre-paid to Navy Federal Credit Union. Hence, Navy Federal Credit Union cannot claim ignorance concerning these (troubling) issues stated herein.

Wherefore, respectfully the Petitioner asks the honorable court to grant this motion and to find that Navy Federal Credit Union has willfully violated the automatic stay as well as the willful discharge violations and award all available relief, and damages, to Petitioner as stated herein.

Petitioner thanks this honorable court for its time and regrets that Navy Federal Credit Union has conducted itself so causing the need for Petitioner to file this motion.

Respectfully submitted.

_____ MAY 13, 2024

SIGNAUTRE of Petitioner JEFFREY SCOTT SCHREMBS & Date

Address: 1252 Magnolia Court Hagerstown, MD 21742

Cellphone of: (240) 520-1140

Email address of: jsschrembs@gmail.com

**Legal Cases that Support Petitioners/Debtors Motion:**

In Taggart v. Lorenze, 139 S. Ct. 1795 (June 3, 2019) the US Supreme Court ruled that a bankruptcy court may hold a creditor in civil contempt for attempting to collect on a debt that has been discharged in bankruptcy "if there is no fair

ground of doubt as to whether the [discharge] order barred the creditor's conduct."

In A Ninth Circuit Bankruptcy Appellate Panel held in Suh v. Anderson (In re Jeong), 2020 WL 1277575 (B.A.P.9th Cir. March 16, 2020) found that the TAGGART standard in upholding contempt sanctions for a willful violation of the stay applies for stay violations as well as for discharge violations.

In Franklin, 2020 WL 570092, at *8 (Bankr M.D.N.C Jan 24, 2020) (in a chapter 11 case involving a request for automatic stay violation sanctions under section 362(k), noting the distinction between a discharge in junction and the automatic stay and stating that "(e)ven if the standard in Taggart applied to SS 362(k), no reasonable creditor objectively could have believed [the creditor's] actions in this case did not violate the automatic stay");

Section 105(a) of the Bankruptcy Code, which provides that:

[A bankruptcy] court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code].... No provision of [the Bankruptcy Code] providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent any abuse of process.

11 U.S.C. § 105(a) (emphasis added). See In re Walker, 257 B.R. 493, 496 (Bankr. N.D. Ohio 2001) (citations omitted); accord In re Roman Cath. Church of Archdiocese of New Orleans, 2023 WL 4105655, *16 (E.D. La. June 21, 2023); In re City of Detroit, 653 B.R. 874, 892 (Bankr. E.D. Mich. 2023); In re Kwok, 653 B.R. 480, 489 (Bankr. D. Conn. 2023); In re Brown, 2023 WL 4496925, *4 (Bankr. N.D. Ga. July 12, 2023).

## CERTIFICATE OF SERVICE

I do hereby certify that I mailed a copy of this motion to Navy Federal Credit Union (Defendant) to their address of record at PO Box 3100. Merrifield, VA 22119-3100 via US Postal Service Postage Pre-paid on this the 13th day of May 2024.

_____  MAY 13, 2024
SIGNAUTRE of Petitioner JEFFREY SCOTT SCHREMBS   Date

Address: 1252 Magnolia Court Hagerstown, MD 21742

Cellphone of: (240) 520-1140

Email address of: jsschrembs@gmail.com